**NOT RECOMMENDED FOR PUBLICATION**
**File Name: 18a0513n.06**

**No. 17-2347**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| ROBERT GARCEAU; ALAN DICKENSON, II; STEVEN HOWE; CARY WOOSTER; ERIC EADS; LAWRENCE LAFRAMBOISE; TROY SIMPSON; ESTHER CAMPBELL; CHAD BALDWIN; RODNEY HALL; JOHN CRAMER; MICHAEL ROSS, | ) ) ) ) ) ) ) | **FILED** Oct 15, 2018 DEBORAH S. HUNT, Clerk |
| Plaintiffs-Appellants, | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| v. | ) ) | |
| CITY OF FLINT, MICHIGAN; DARRYL PATTERSON; ALVERN LOCK, | ) ) ) | |
| Defendants-Appellees. | ) ) | |

---

BEFORE: CLAY and GRIFFIN, Circuit Judges; ZOUHARY, District Judge.[*]

GRIFFIN, Circuit Judge.

Plaintiffs appeal the district court's grant of summary judgment in defendants' favor in this § 1983 "reverse race" discrimination matter. We affirm.

In 2011, the City of Flint Police Department, due to serious financial woes, had an excess of sergeant openings. Its then-Chief of Police, defendant Alvern Lock, decided to provisionally promote individuals under Rule VII, Section 3 of the City's Personnel Rules and Regulations until the Department could create and administer a formal promotional exam. Lock turned to two

---

[*]The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

captains for help, defendant Patterson and T.P. Johnson,[1] asking that they generate a list of those individuals they believed "would be qualified . . . [and] best suited for" the positions. Lock retained final authority over the decision-making process, and upon the recommendations from Patterson and Johnson provisionally promoted twelve individuals. The City then conducted a series of promotional exams, after which some of the provisionally promoted individuals, along with other officers who also received the highest exam scores, were permanently promoted.

Plaintiffs are several Caucasian police officers who were not provisionally promoted to sergeant.[2] They brought this 42 U.S.C. § 1983 action claiming defendants discriminated against them because of their race during the provisional-appointment process in violation of the Fourteenth Amendment's equal protection guarantee. Plaintiffs asserted a variety of other claims against defendants as well, which are not at issue in this appeal. Their general theory is that the Flint Police Department has a long history of discriminating against Caucasian police officers, and that this history repeated itself in the use of subjective criteria to justify promoting African American officers instead of them.[3]

The district court entered summary judgment in defendants' favor on plaintiffs' § 1983 claims. In so doing, it assumed Title VII's mixed-motive rubric applied to standalone § 1983 claims,[4] which provides that a plaintiff must "produce evidence sufficient to convince a jury that:

---

[1]Despite his equal role in the allegedly discriminatory provisional hiring process, Johnson, a white male, was not named as a defendant in this action.

[2]Plaintiffs Campbell and Simpson were permanently promoted to sergeant following subsequent exams.

[3]Plaintiffs assert this theory notwithstanding the fact that use of their proffered objective criterium—seniority—would not have resulted in their promotion and actually would have resulted in *more* African American officers being promoted.

[4]As opposed to the more exacting *McDonnell Douglas/Burdine* burden-shifting framework for single-motive claims.

(1) the defendant took an adverse employment action against the plaintiff; and (2) race, color, religion, sex, or national origin was a motivating factor for the defendant's adverse employment action." *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 400 (6th Cir. 2008) (internal quotation marks and emphasis omitted). In a well-reasoned opinion, the district court comprehensively detailed why there was no record evidence—aside from a "single, stray comment [by Lock] that was temporally remote to the instant promotions"—indicating plaintiffs' race motivated Lock's promotional decisions, noting that "the bulk of Plaintiffs' proffered evidence consists of impermissible hearsay, blatant speculation, or misrepresented facts from the record."

Plaintiffs' briefing on appeal leaves much to be desired. Noticeably absent is a citation to record evidence reflecting a genuine issue of material fact—evidence that defendants treated similarly-situated individuals differently (*i.e.*, those individuals who did receive provisional promotions). Instead, plaintiffs largely repeat verbatim the brief they filed below, and do so without addressing the district court's rejection of their positions and criticism of their factual distortions.

We have reviewed the record on appeal. Because the district court fully and accurately articulated the reasons why judgment should be entered for defendants, a detailed opinion by this court would be duplicative and serve no useful purpose. Accordingly, we adopt the analysis and conclusions of the district court and affirm on the basis of its August 31, 2016, opinion.